# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ESCAPEX IP LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:22-cv-00427 |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

**DEFENDANT APPLE INC.'S MOTION TO DISMISS GIVEN ESCAPEX'S ADMISSION THAT "APPLE DOES NOT INFRINGE"**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant, Apple Inc. ("Apple"), moves to dismiss the patent infringement lawsuit filed by Plaintiff, EscapeX IP LLC ("EscapeX"), because EscapeX conceded Apple does not infringe the only claim set forth in EscapeX's Complaint.

## I.     INTRODUCTION

EscapeX is a non-practicing entity that is weaponizing its single acquired patent for continued litigation against Apple, even after full knowledge—and admission—that the asserted patent claims are invalid and/or not infringed. Specifically, EscapeX's allegations of infringement accuse Apple Music and Smart Playlist functionalities that *predate the earliest priority date of the patent-in-suit by more than three years*, as confirmed by the publicly-available Apple documents. Soon after suit was filed, Apple notified EscapeX that it had accused the prior art and invited EscapeX to voluntarily dismiss the action before Apple expended additional time and resources litigating the action. Though EscapeX admitted that "Apple does not infringe at least claim 1 and its dependencies" (*see* Ex. 1 (July 21 email fr Ramey Firm)), EscapeX refused to dismiss the suit. *See* Ex. 2 (August 27 email to Ramey Firm).

## II.    FACTUAL BACKGROUND

On April 28, 2022, EscapeX filed a Complaint alleging infringement of U.S. Patent No. 9,009,113 ("the '113 Patent"). Dkt. No. 1. The '113 Patent is purportedly directed towards a "novel and improved method and system that facilitate[s] artist-specified dynamic albums." Dkt. No. 1, ¶ 8. Specifically, EscapeX alleges that Apple Music and Smart Playlist features infringe claim 1 of the '113 Patent. *Id.* at ¶¶ 9, 11, 12. EscapeX attached a chart (Exhibit A) that purportedly maps elements of claim 1 of the '113 Patent against Apple Music. *See id.* at ¶ 10, Ex. A.

1

On May 20, 2022, EscapeX amended its Complaint to correct a ubiquitous typographical error (*i.e.*, "'133 Patent" to "'113 Patent"). *See* Dkt. No. 8. The First Amended Complaint ("FAC") did not provide any additional facts to bolster EscapeX's infringement allegations, nor did it chart any additional claims beyond claim 1 that was first mapped in the original Complaint.

On June 1, 2022, Apple informed EscapeX that its infringement allegations are "objectively baseless" and the '113 Patent "is invalid at least under 35 U.S.C. § 102" because the accused Apple functionality predates the '113 Patent's filing date by more than three years. Ex. 3 (6/1/22 Ltr fr Elacqua to Ramey Firm) at 1. Apple further explained that "[i]f Apple is required to expend additional legal fees and costs to defend against objectively baseless allegations of infringement by EscapeX, Apple will seek to recover those fees and costs, and will further seek all other remedies available to it," such as those available under 35 U.S.C. § 285 and Fed. R. Civ. P. 11(b). *Id.* at 6. In support, Apple included an exemplary claim chart comparing EscapeX's infringement allegations to Apple's prior art disclosures. *Id.* at 2–5. Apple requested that EscapeX dismiss its claims against Apple because EscapeX has no "good faith basis for maintaining this action" and has failed to "present any colorable claim of infringement of any valid patent by Apple." *Id*. at 1.

On July 21, EscapeX agreed, conceding that "***Apple does not infringe at least claim 1 and its dependencies***." Ex. 1 (July 21 email fr Ramey Firm). In its response, EscapeX also provided Apple with a chart regarding claim 27 of the '113 Patent. Ex. 4 (July 21 chart). Notably, EscapeX did not move to amend its Complaint because, as discussed below, it has no basis to do so under Rule 11 because the accused features also predate the other claims in the '113 Patent.

On July 27, Apple again informed EscapeX that its infringement allegations related to claim 27 were directed to prior art. Ex. 5 (July 27 Ltr fr Elacqua to Ramey Firm) at 1. In support,

2

Apple provided EscapeX with specific, exemplary evidence showing that the accused functionality also existed "years before the priority date" of claim 27 of the asserted patent. *Id.* Apple yet again demanded that EscapeX dismiss this action with prejudice, and made clear that if it did not, Apple would seek sanctions and all remedies available to it by law pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 11(b). Ex. 2 (August 27 email to Ramey Firm).

On September 6, EscapeX amended its Complaint to remove allegations of indirect and willful infringement pursuant to the parties' joint stipulation. *See* Dkt. No. 12. The Second Amended Complaint ("SAC") did not provide any additional facts to bolster EscapeX's infringement allegations, nor did it chart any additional claims beyond claim 1 that was first mapped in the original Complaint. Indeed, despite admitting that Apple does not infringe claim 1 and its dependencies, EscapeX continues to assert claim 1 and its dependencies using the same claim chart included with its original Complaint. *Compare* Dkt. No. 1-1 *with* Dkt. No. 12-1.

### III.   LEGAL STANDARD

#### A.   Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To satisfy the plausibility standard, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Specifically, a complaint must show specific, well-pleaded facts to avoid dismissal—"[t]he pleading standard demands more than unadorned accusations, 'labels and conclusions,' 'a

3

formulaic recitation of the elements of a cause of action,' or 'naked assertion[s]' devoid of further factual enhancement." *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 U.S. Dist. LEXIS 149871, at *6 (W.D. Tex. Aug. 22, 2022) (citing *Twombly*, 550 U.S. at 555–57).  And to sufficiently plead infringement, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

     **B.**     **Denying Leave to Amend a Complaint Under Rule 15 When Such Amendments are Futile**

Rule 15 allows a party to "amend its pleadings once as a matter of course." Fed. R. Civ. P. 15(a).  "After amending once as a matter of course, a party 'may amend . . . only with the opposing party's written consent or the court's leave.'" *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 U.S. Dist. LEXIS 57309, at * 2 (W.D. Tex. Apr. 4, 2018) (quoting Fed. R. Civ. P. 15(b)).  While leave to amend a complaint should be freely granted when justice so requires, a court may deny the motion to amend if such an amendment would be futile.  *See* Fed. R. Civ. P. 15(a); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district court need not grant a futile motion to amend.").

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*  Thus, leave to amend a pleading should not be granted if there is no set of facts that would constitute a valid and sufficient claim or defense if proved under the amendment.  *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873–74 (5th Cir. 2000).

## IV. ARGUMENT

### A. Claim 1 of the '113 Patent Should Be Dismissed Because EscapeX Admitted Apple's Accused Products Do Not Infringe

EscapeX's SAC fails to state a claim for infringement at least because EscapeX has conceded that Apple does not infringe claim 1 of the '113 Patent. In its SAC, EscapeX alleges that Apple infringes "one or more claims of the '113 patent," but the only factual support for EscapeX's infringement allegations is a chart attached to the SAC comparing the elements of *claim 1* of the '113 Patent against Apple Music, and more specifically, the Smart Playlist feature. *See* Dkt. No. 12, ¶ 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an attachment to this complaint."), Ex. A (charting only claim 1). Apple provided EscapeX with a chart (reproduced, in part, below) clearly showing that the accused Apple Smart Playlist existed as early as 2010, and therefore rendered claim 1 of the '113 Patent invalid under EscapeX's infringement read. *See Bristol-Myers Squibb v. Ben Venue Lab'y*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("[I]t is axiomatic that that which would literally infringe if later anticipates if earlier.").

5



Ex. 3 (June 1 Ltr fr Elacqua to Ramey Firm) at 3 (comparing claim 1 of the '113 Patent against Apple's Smart Playlist feature). Indeed, EscapeX conceded that Apple does not infringe that claim or any of its dependent claims at least because the accused functionality predates the '113 Patent's filing date, rendering that claim invalid. *See* Ex. 1 (July 21 email fr Ramey Firm). Yet, EscapeX continues to assert claim 1 and its dependencies in its SAC despite admitting that Apple does not infringe these claims before the SAC was filed. *See id.* Through this admission, EscapeX eliminated any legitimate basis to support a ground for entitlement to relief based on its pleadings. Thus, EscapeX's allegations that Apple infringes claim 1 of the '113 Patent are unfounded and must be dismissed.

        **B.**      **Any Attempt at a Third Amendment Would Be Futile, as EscapeX has Accused the Prior Art**

EscapeX's SAC does not plead any facts to support infringement allegations for any other claim beyond claim 1 of the '113 Patent, nor can it. *See* Dkt. No. 12, ¶ 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an

6

attachment to this complaint."), Ex. A (charting only claim 1).  As discussed above, even though EscapeX alleges that Apple potentially infringes every claim of the '113 Patent, it only pleads facts to support alleged infringement of one single claim—claim 1.  *Id.*, ¶¶ 9, 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an attachment to this complaint."), Ex. A (charting only claim 1).  Thus, to the extent EscapeX argues its Complaint includes infringement allegations concerning the remaining 29 claims of the '113 Patent, they should be dismissed because they remain unsubstantiated and represent nothing more than "naked assertion[s]" devoid of "further factual enhancements" the Supreme Court has warned against.  *Twombly*, 550 U.S. at 555–57.

Moreover, any attempt by EscapeX to further amend—for a third time—its Complaint to include, or further substantiate, other claims would be futile.  For example, when EscapeX alleged that other Apple Music features, such as iTunes Radio, infringed independent claim 27, Apple again explained that the those features, like those accused of infringing claim 1, existed years before the '113 Patent's priority date and likewise rendered claim 27 invalid.  *See* Ex. 5 (July 27 ltr fr Elacqua to Ramey Firm) (citing specific public documents in support); *see also* Ex. 2 (August 27 email to Ramey Firm):



Because claim 27 and its dependencies—like claim 1 and its dependencies—are invalid in view of Apple's prior art disclosures, EscapeX has no justifiable basis to allege Apple infringes that claim. *See Bristol-Myers Squibb*, 246 F.3d at 1378 (Fed. Cir. 2001) ("[I]t is axiomatic that that which would literally infringe if later anticipates if earlier."). Indeed, EscapeX did not change its infringement read to Claim 27 with its SAC. Thus, the court should not permit EscapeX leave to amend—for a third time—to include any such allegations because there is "no set of facts" that can be proven under the amendment that would constitute a valid claim. *See* Ex. 2 (August 27 email to Ramey Firm).

## V. CONCLUSION

For the aforementioned reasons, EscapeX has failed to sustain a single viable claim that satisfies the federal pleading standards at least because the SAC is devoid of any allegations that "articulate why it is plausible that the accused product infringes" the '113 Patent. With no surviving claim and EscapeX's continued failure to articulate any ground for relief based on claim 1 or any other claim of the '113 Patent, there is no cognizable legal claim for the Court to consider or to permit EscapeX leave to include through any further amendment to its Complaint. Thus, Apple respectfully requests that the Court grant its Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and without permitting EscapeX leave to further amend.

Dated: September 9, 2022             Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ Betty Chen
Betty Chen
TX Bar No. 24056720 | bchen@fr.com
One Congress Plaza
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

Benjamin C. Elacqua
TX Bar No. 24055443 | elacqua@fr.com
Jacqueline T. Moran
TX Bar No. 24121740 | jtmoran@fr.com
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

        Lawrence Jarvis
        GA Bar No. 102116
        jarvis@fr.com
        1180 Peachtree St NE, 21st Floor
        Atlanta, GA 30309
        Telephone: (404) 892-5005
        Facsimile:  (404) 892-5002

**COUNSEL FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically on September 9, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

<em>/s/ Betty Chen</em><br>
Betty Chen