# EXHIBIT 1

**Vivian Lopez**

| | |
|---|---|
| **From:** | Jeff Kubiak <jkubiak@rameyfirm.com> |
| **Sent:** | Thursday, July 21, 2022 1:26 PM |
| **To:** | Lawrence Jarvis; Betty Chen |
| **Subject:** | Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427) |
| **Attachments:** | Exhibit A 072122.pdf |

Betty, Lawrence:

It was good to talk to you this afternoon.

As a quick recap:

Escapex agrees that Apple does not infringe at least claim 1 and its dependencies;
Escapex and Apple agree to a 45 day extension of time for Apple to answer the complaint;
Escapex is providing to Apple a draft claim chart with respect to claim 27 of the '113 patent; and
We anticipate discussing claim 27 next Thursday at 3 central.

Let me know if I missed something or misstated an item.

Jeff

Jeffrey E Kubiak
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923
832-900-4941 (fax)
713-294-2956 (cell)
www.rameyfirm.com

### Houston Intellectual Property and Trial Attorneys
Ramey LLP is a full-service intellectual property law firm working with an international client base from our Houston Texas, office. We are dedicated to enhancing client results through efficient practice management, innovative technologies and the use of skilled professionals.
www.rameyfirm.com

This e-mail may contain confidential information.  If you are not the intended recipient, please delete this e-mail.  If you have any questions, please call 713-426-3923.

---

**From:** Lawrence Jarvis <jarvis@fr.com>
**Sent:** Wednesday, June 29, 2022 2:48 PM
**To:** Jeff Kubiak <jkubiak@rameyfirm.com>

**Cc:** Lawrence Jarvis <jarvis@fr.com>; Benjamin C. Elacqua <Elacqua@fr.com>
**Subject:** FW: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)


Hi Jeff,

It was a good speaking with you earlier.  We have approval of the 30-day extension from our client.  Please get the extension on file when you all can.  Attached is our original letter along with the email in which it was sent.  Below is the email thread where we were seeking a response to our letter and our response (immediately below) to the new claim chart Bill circulated on this past Monday.

Thanks,
Lawrence

**Lawrence Jarvis :: Fish & Richardson P.C. :: 404 879 7238**

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Tuesday, June 28, 2022 8:07 AM
**To:** wramey@rameyfirm.com
**Cc:** ktalanov@rameyfirm.com; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)
**Importance:** High

Bill - I'm not sure what that means but I was only trying to get a response after many failed attempts.  Your claim charts accuse the prior art.  The old one attached to your complaint and the new one attached to your email.  The exact screen you are pointing to in the chart was in the prior art versions of iTunes.  I've talked to the Apple engineer who has been on the iTunes development team for a long time and he has confirmed that the accused Smart Playlist features dates back to at least iTunes version 3 with all potentially relevant enhancements dating to at least iTunes version 9.2.1 (or at least MacOS Version OS X Lion). Your new chart continues to accuse the prior art Smart Playlist feature.  Your new chart also accuses another prior art feature, which is iTunes compatibility with Tunecore for music distribution. iTunes was compatible with Tunecore to enable artist specific music distribution years before the priority date of the asserted patent. *See, e.g.*, https://www.tunecore.com/blog/2012/10/10-tips-for-getting-featured-on-itunes.html; https://web.archive.org/web/20070628230105/http://www.tunecore.com/; https://www.tunecore.com/blog/2013/04/new-daily-itunes-trend-reports-what-they-are-5-ways-to-use-them.html.  As such, all of the features you accuse in your new chart are still in the prior art.  Your citing of disclosures that postdate the asserted patent does not negate the reality that each of these accused features are prior art.  Thus, we still strongly advise you to drop this case.

As I mentioned in my prior email, we need to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week.  What is your availability to meet and confer this week?  I am available from 9-12 CT tomorrow.

-Ben


> On Jun 27, 2022, at 10:47 AM, William Ramey <wramey@rameyfirm.com> wrote:
>
> Hi Ben,

2

No need to go postal.

We received your letter of June 1.  We have been investigating the veracity of your allegations.  After our review, we conclude that our complaint is proper.

We have attached an updated claim chart for your review.  Quite clearly, the product was not in the prior art.

Please let us know when you would like to discuss.

Bill

William P. Ramey, III
Ramey LLP
5020 Montrose Bvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (facsimile)

*This e-mail may contain confidential information.  If you are not the intended recipient, please delete this e-mail.  If you have any questions, please call 713-426-3923.*

---

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Monday, June 27, 2022 10:30 AM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Kyril Talanov <ktalanov@rameyfirm.com>; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)


Counsel for ExcapeX - I'm not sure what else I can do to get your attention on this case.  You have literally accused the exact prior art in this case and need to drop the case per my letter.  Your refusal to respond to my letter, emails and calls is not acceptable.

We ned to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week.  I'm available on the 28th at 2:30-4pm and the 29th from 9-12 CT.

Thanks, Ben


> On Jun 23, 2022, at 10:00 AM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:
>
> William or Kyril - is someone going to respond or give me a call?  I've sent you a letter, multiple emails, a couple phone calls.

3

Thanks, Ben

On Jun 21, 2022, at 11:20 AM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:

William - checking in on this.  My letter identified some points that we need a response to.  I'm available to discuss as well.

Thanks, Ben


Benjamin Elacqua :: Principal
Fish & Richardson P.C.
1221 McKinney Suite 2800
Houston, TX 77010
713.654.5300
elacqua@fr.com


> On Jun 15, 2022, at 7:00 PM, William Ramey <wramey@rameyfirm.com> wrote:
>
> [This email originated outside of F&R.]
>
> Next week. I am out of town.
>
> William P. Ramey, III
> Ramey LLP
> 5020 Montrose Blvd., Suite 800
> Houston, Texas 77006
> (713) 426-3923
> (832) 689-9175 (fax)
> wramey@rameyfirm.com
> www.rameyfirm.com
>
> This email contains privileged and confidential information. If you are not the intended recipient please delete and notify the sender.
>
> ---
> **From:** Benjamin C. Elacqua <Elacqua@fr.com>
> **Sent:** Wednesday, June 15, 2022 5:57:20 PM
> **To:** William Ramey <wramey@rameyfirm.com>; Kyril Talanov <ktalanov@rameyfirm.com>
> **Cc:** FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>

**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)


Counsel,

Is someone going to call or respond to my letter?

Ben

> On Jun 9, 2022, at 2:53 PM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:
>
> Counsel,
>
> I tried calling your office a couple times but got voicemails. Please give me a call so we can discuss the letter I sent last week.
>
> Thanks, Ben
>
>
> Benjamin Elacqua :: Principal
> Fish & Richardson P.C.
> 1221 McKinney Suite 2800
> Houston, TX 77010
> 713.654.5300
> elacqua@fr.com
>
>
>
>> On Jun 1, 2022, at 4:32 PM, Vivian Lopez <Lopez@fr.com> wrote:
>>
>> <2022-06-01 Ltr to ExcapeX Counsel fr Elacqua re EscapeX IP LLC v Apple Inc.pdf>
>

***********************************************
***********************************************
******************************
This email message is for the sole use of the
intended recipient(s) and may contain
confidential and privileged information. Any
unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please
contact the sender by reply email and destroy
all copies of the original message.
***********************************************
***********************************************
******************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<2022-06-27 UPDATED INFRINGEMENT CHARTS.pdf>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*