# EXHIBIT 5



Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010

713 654 5300 main
713 652 0109 fax

**VIA EMAIL**

July 27, 2022

**Benjamin C. Elacqua**
Principal
Elacqua@fr.com
713 654 5324  direct

William P. Ramey, III
Jeffrey Kubiak
Kyril V. Talanov
Ramey LLP
5020 Montrose Blvd.
Suite 800
Houston, TX 77006

Re:     *EscapeX IP LLC v. Apple Inc.*, USDC Western District of Texas (Case No. 6:22-cv-00427)

Dear Counsel,

Thank you for the meet and confer on Thursday, July 21, during which EscapeX confirmed that it will only proceed, if at all, with only claim 27 and its dependents of U.S. Patent 9,009,113 (the '113 Patent).

We have reviewed EscapeX's new claim chart against claim 27, which continues to accuse the prior art.  Setting aside concerns as to whether EscapeX had a proper basis to file the complaint (which did not assert claim 27), EscapeX's new chart continues to accuse features that were all present in the iTunes prior art.  Specifically, EscapeX's infringement contentions on claim 27 accuses the prior art feature of iTunes's compatibility with Tunecore for music distribution.  Public documents reflect that iTunes was compatible with at least Tunecore to enable artist specific music distribution years before the priority date of the asserted patent.  *See, e.g.*, https://www.tunecore.com/blog/2012/10/10-tips-for-getting-featured-on-itunes.html; https://web.archive.org/web/20070628230105/http://www.tunecore.com/; https://www.tunecore.com/blog/2013/04/new-daily-itunes-trend-reports-what-they-are-5-ways-to-use-them.html.

EscapeX's new chart also accuses Apple Music radio, but iTunes Radio provides this same feature (*e.g.*, radio access) well before the priority date of the asserted patent.  *See, e.g.*, https://www.engadget.com/2013-09-10-itunes-radio-launches-september-18th.html; https://www.theverge.com/2013/6/10/4413228/apple-wwdc-2013-everything-you-need-to-know; https://support.tunecore.com/hc/en-us/articles/115006692488-What-is-iTunes-Radio-.  As such, all of the features that EscapeX accuses in its new chart are still in the prior art.  Citing documents that postdate the asserted patent does not negate the reality that each of these newly-accused features are prior art.  Should EscapeX persist in asserting any claim of the '113 Patent against Apple, Apple will be forced to seek sanctions and all remedies available by law pursuant to at least Fed. R. Civ. P. 11 and 35 U.S.C. § 285.  Thus, we again demand that EscapeX dismiss this case with prejudice by no later than July 29, 2022.



William P. Ramey, III, Jeffrey Kubiak, Kyril V. Talanov
July 27, 2022
Page 2 of 2

    Apple reserves all rights and defenses if it should need them.  We look forward to your response during our upcoming meet and confer.

Regards,

*/s/ Benjamin C. Elacqua*

Benjamin C. Elacqua

Attorney for Defendant